**Regis Insurance Co. v. All American Rathskeller Inc.**

279

*Miles A. Kirshner,* for plaintiff.
*Robert C. Rayman,* for defendant.

BROWN JR., *P.J.*, April 9, 2007—Before the court is a motion for summary judgment filed by defendant All American Rathskeller Inc. Because this court determines plaintiff Regis Insurance Company has a duty to indemnify defendant based on the Pennsylvania Superior Court's recent holding in *QBE Insurance Corporation v. M & S Landis Corporation,* 915 A.2d 1222 (Pa. Super. 2007), this court grants defendant's motion.

## HISTORY

On the morning of October 26, 2003, Salvador Peter Serrano died while being restrained by employees of defendant All American Rathskeller Inc. On August 25, 2004, Grace Jiminez (administratrix of Serrano's estate) and Brooke E. Morgan (Serrano's fiancée) filed a civil action (underlying action) in the United States District Court for the Middle District of Pennsylvania against, inter alia, defendant Rathskeller. The complaint in the underlying action alleged negligence on the part of defendant Rathskeller in training, supervising and hiring its staff, as well as negligence on the part of defendant Rathskeller's agents in restraining Serrano. This matter was scheduled for trial in the fall of 2006. However, the case settled out of court prior to the trial.

On October 20, 2004, plaintiff Regis Insurance Company, the insurance carrier for defendant Rathskeller, filed the present case in this court. Plaintiff sought a declaratory judgment that it had neither a duty to defend nor indemnify defendant Rathskeller in the underlying action based on an assault and battery exclusion in the insurance policy defendant Rathskeller had with plaintiff.

Following the closing of the pleadings, plaintiff filed a motion for judgment on the pleadings, or in the alternative, motion for summary judgment. By order dated March 15, 2006, this court denied plaintiff's motions. In the accompanying opinion, this court stated that the assault and battery exclusion in defendant Rathskeller's policy with plaintiff is applicable in the underlying action.

Following the issuance of this court's March 15, 2006 order, plaintiff filed a petition for permission to appeal to the Pennsylvania Superior Court. By order dated November 30, 2006, the Superior Court denied plaintiff's petition.

On January 31, 2007, defendant Rathskeller filed the motion for summary judgment now before this court. Oral argument on defendant's motion was held on March 29, 2007.

## DISCUSSION

In its motion for summary judgment, defendant Rathskeller maintains that the Superior Court's recent decision in *QBE Insurance Corporation v. M & S Landis Corporation,* 915 A.2d 1222 (Pa. Super. 2007), is controlling in the instant matter. Therefore, according to defendant Rathskeller, the assault and battery exclusion in its policy with plaintiff does not exclude coverage in the underlying action, and plaintiff has a duty to indemnify defendant Rathskeller for the settlement amount paid in the underlying action. This court agrees.

"[S]ummary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is

entitled to judgment as a matter of law." *Chepkevich v. Hidden Valley Resort L.P.,* 911 A.2d 946, 950 (Pa. Super. 2006) (citing *Weber v. Lancaster Newspapers Inc.,* 878 A.2d 63, 71 (Pa. Super. 2005) (citation omitted)). "In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party." *Id.* (citing *Weber,* 878 A.2d at 71). "[O]nly when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment." *Id.* (citing *Weber,* 878 A.2d at 71).

In the present matter, this court determines no genuine issue of material fact exists and defendant Rathskeller is entitled to judgment as a matter of law, based on the Superior Court's decision in *QBE.* The facts presented in *QBE* are analogous to the facts in the underlying action involved in the present matter—a wrongful death and survival action was brought against the owners of a nightclub ("Fat Daddy's") after a patron was restrained by the nightclub's staff in such a manner that caused the patron's death. 915 A.2d at 1224. As a result of the lawsuit, Fat Daddy's sought defense and indemnification from its insurance carrier, QBE. *Id.* Citing an assault and battery exclusion in the insurance policy, QBE denied coverage. *Id.* QBE then filed a declaratory judgment action, seeking a declaration that it had no obligation to defend or indemnify Fat Daddy's for the alleged incident. *Id.* QBE subsequently filed a motion for summary judgment, which the trial court granted. *Id.* Thereafter, Fat Daddy's appealed the trial court's grant of summary judgment. *Id.*

Citing with approval a similar case decided by the Court of Appeals for the Third Circuit (*i.e., Essex Insurance Company v. Starlight Management Company,* 198 Fed. Appx. 179 (3d Cir. 2006) (unpublished opinion)), the *QBE* court explained that "in light of the allegations of negligence in the underlying complaint which seeks relief only for negligence, the assault and battery exclusion does not apply." 915 A.2d at 1229. As a result, the court stated as follows: "[W]e find that QBE has an obligation to defend [Fat Daddy's] in the underlying action, with its obligation to indemnify [Fat Daddy's] depending on the facts developed at trial in that action." *Id.* at 1229-30.

Despite the striking similarity in the facts of *QBE* and the underlying action in this case, plaintiff maintains *QBE* is not controlling because the issue here is a duty to indemnify (not a duty to defend, as in *QBE*) since the underlying action has already been settled. This court determines that in spite of this distinction, the holding of *QBE* nevertheless is applicable: if the underlying complaint is based on a negligence cause of action, an assault and battery exclusion in the insurance policy does not preclude coverage. The *QBE* court's language stating that QBE's duty to indemnify Fat Daddy's depends on the facts developed at trial is inapposite to the case at hand because no facts will ever be developed in this underlying action since the case has settled. Consequently, the only issue is whether or not an assault and battery exclusion bars coverage for a negligence-based action. This court concludes that it does not. Accordingly, this court determines defendant Rathskeller is entitled to summary judgment in its favor.

## ORDER

And now, April 9, 2007, defendant All American Rathskeller Inc.'s motion for summary judgment is granted. Plaintiff's request for a declaration that it has no duty to indemnify defendant All American Rathskeller Inc. is denied.